J. R. Swan, J.
The facts of this case show that the mortgagee was made a party defendant to the petition of the administrator', for the sale of the decedent’s lands, and was duly served with process. The petition of the administrator alleged that the widow was entitled to dower in the whole premises. The mortgagee did not answer, and the court ordered dower to be assigned; and dower was assigned in *237 that part of the premises which were mortgaged, as well in satisfaction of the right of dower in the mortgaged premises, as also of the right of dower in premises not covered by the mortgage. The administrator then proceeded to sell, as unincumbered by dower, the premises not covered by the assignment of dower; and sold, subject to dower, the premises assigned to the widow, and paid over to the mortgagee the avails of the last mentioned sale. Now, if the mortgage still remains operative and unaffected by the assignment of dower, the widow must either lose her dower in all the premises, or the title of the purchaser from the administrator must be subjected to the dower estate.
That the court of common pleas, upon petition for the sale of decedent’s lands, may assign dower, is not a matter that can be questioned. The statute provides, that “ if the deceased left a widow entitled to dower, the court shall appoint three judicious, disinterested men of the vicinty to set off and assign, hy metes and bounds,” etc., “ the dower of the widow of the deceased.”
The cases determined in Massachusetts, it will be readily perceived by comparing their statute with ours, and the decisions in this state as to the legal estate of a mortgagee in lands, can have no application to the case before us. Besides, the jurisdiction of the court of common pleas over the assignment of dower, was complete, independent of its probate jurisdiction.
The question before us is not whether, where a mortgagee, who is not made a party to a petition for the sale of lands and assignment of dower, is affected or concluded by the assignment; but whether, if made a party, and dower is assigned in the mortgaged premises without objection, he can afterward assert that his claim to the premises is free from dower. We are of the opinion that he is concluded. The question whether the decedent left a widow, and whether she was entitled to dower, was a proper subject of inquiry as between the parties to the *238 petition; and as against the widow and the purchaser at the administrator’s sale, the matter must be considered as judicially determined.
We are referred to the case of Gilliland v. Sellers’s Adm’r, 2 Ohio St. Rep. 223, as intimating by analogy, that the court, upon petition for sale of decedent’s lands, had no authority to determine whether the widow was entitled to dower or not. In that case, coupled with a petition to sell lands, the administrator asked and obtained from the court a decree, not simply determining the priorities of liens of mortgages, and the application of usurious interest to the discharge of a mortgage debt of the intestate, but also a decree “ for the cancellation of the mortgage securities.” The court say, and they decide only, that, upon a petition for the sale of lands, the administrator cannot proceed against creditors of the estate, to settle and adjust their claims by decree; and that a decree in such case, of a probate court, for the cancellation of mortgage securities, is beyond its jurisdiction.
If, in the case of Gilliland v. Sellers’s Adm’r, the probate court had, by reference to a master or otherwise, determined simply the priorities of mortgage and judgment liens, as the statute authorizes — Swan’s Rev. Stat. 385, sec. 148 — instead of settling by decree, as in chancery, not only the contested rights of creditors as to the amount and validity of the debts secured by those liens, but decreed the cancellation of securities, it is probable the judgment of the court would have sustained the proceedings of the probate court. Be that however as it may, we cannot find any thing in the facts or opinion of the court, in the case of Gilliland v. Sellers’s Adm’r, to authorize us to hold that the probate court had no jurisdiction of the question^ whether the widow was entitled to dower or not in the mortgaged premises.

Judgment for defendants.

Brinkerhorr, Scott and Sutlire, JJ., concurred.